THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>ALI AMER WAHEEB MUFREJ,<br><br>               Defendant. | CASE NO. CR19-0025-JCC<br><br>ORDER |

      This matter comes before the Court on Defendant Ali Amer Mufrej's unopposed motion for early termination of probation. (Dkt. No. 63.) The Government does not oppose this motion, (Dkt. No. 59), nor does U.S. Probation and Pretrial Services ("Probation"), which informed the Court of its position by email. The Court DENIES Defendant's motion for the reasons explained below.

      After indictment on one felony count of trafficking in counterfeit goods, in connection with an alleged scheme to sell counterfeit vehicle airbag parts, (Dkt. No. 15), Mr. Mufrej pleaded guilty to a single misdemeanor count of being an accessory after the fact to criminal copyright infringement (committed by the unknown person who sent him the airbags), (Dkt. No. 28 at 4–5). The Court imposed a sentence of five years' probation, a $5,000 fine, and 150 hours of community service. (Dkt. No. 46.)

      Under 18 U.S.C. § 3564(c), the Court may, after considering the factors in § 3553(a) to

the extent applicable, "terminate a term of probation previously ordered and discharge the defendant at any time . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

Although the Court has no doubt that Mr. Mufrej remains a model probationer and is at little risk for reoffending, the Court is not satisfied that early termination is in the interest of justice. Mr. Mufrej admits knowingly importing counterfeit airbag inflators to resell them. (*See* Dkt. No. 28 at 4–5.) This could have resulted in substantial harm to the community. While the terms of Mr. Mufrej's plea agreement and sentence were appropriate to the conduct he admitted, shortening his term of probation would disrupt the calculus of justice on which the sentence was based.

The Court is careful in maintaining even the relatively forgiving terms of Mr. Mufrej's probation as a continued reminder that actions and decisions have consequences, even when the people who make bad ones simply erred and will not do so again.

Accordingly, the Court DENIES the motion for early termination of probation. (Dkt. No. 56.)

DATED this 5th day of September 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE